E-FILED
Wednesday, 24 July, 2019 10:46:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RICHARD C. MENKEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>THE BOARD OF TRUSTEES OF )<br>ILLINOIS STATE UNIVERSITY, )<br>)<br>Defendant. ) | Case No. 18-cv-1442-JES-JEH |

## ORDER AND OPINION

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6). Doc. 4. Defendant simultaneously filed a Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. Doc. 5. Plaintiff filed a timely Response on March 15, 2019. Doc. 6. On April 8, 2019, Plaintiff provided to the Court as a supplement a Right to Sue letter postmarked March 20, 2019. Doc. 9. For the reasons that follow, Defendant's Motion is GRANTED. Plaintiff is granted to leave to file an amended complaint within 30 days if he has a good-faith basis for doing so.

## BACKGROUND[1]

Plaintiff is a 59-year-old white male who was employed by Illinois State University as a plumber. Doc. 1, pp. 2–3. In his two-count retaliation complaint against the Illinois State University Board of Trustees, he claims Illinois State University discriminated against and

---

[1] Because Defendant has moved for dismissal under Rule 12(b)(6), this Court takes the following factual allegations from the Complaint as true for the purposes of resolving the Motion.

1

harassed him on account of his age, and retaliated against him after he reported the discriminatory conduct. *Id.* at 3. The two counts of his complaint relate to two separate time periods: from October 2015 through August 2016, and from May 2017 through October 2017, respectively. Plaintiff brings his claims under the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Illinois Human Rights Act, 755 ILCS 5/1-1101 *et seq.* ("IHRA"). *Id.*

Plaintiff reported the discriminatory conduct occurring from October 2015 through August 2016 to Illinois State University, the Illinois Department of Human Rights ("IDHR") (Charge No. 2017 SA 0592), and the EEOC (Charge No. 21 BA62237). *Id.* He received an EEOC Right to Sue letter for these allegations around March 29, 2018, which stated that he had until around June 29, 2018 to file suit in Federal Court. Doc. 5, p. 2.

On November 6, 2017, Plaintiff again filed a charge with the IDHR (Charge No. 2018 SF 1469), which was cross-filed with the EEOC (Charge No. 21 BA 80641), for discrimination, harassment, and retaliation occurring from May 2017 through October 2017. Doc. 6, p. 5. Plaintiff subsequently received a Right to Sue letter postmarked March 20, 2019, which he provided to the Court as a supplement on April 8, 2019. Doc. 9.

On December 11, 2018, Plaintiff filed the initial complaint in this case. Doc. 1. Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on March 1, 2019, to which Plaintiff responded on March 15, 2019. Defendant bases its motion on two grounds: failure to adequately allege how Plaintiff has exhausted his administrative remedies, and failure to state a claim for retaliation against Defendant. Doc. 4, p. 2. This Order follows.

1. **Events related to Count I**

Plaintiff was employed by Defendant as a plumber at all times relevant to his complaint. Doc. 5, p. 1. Beginning in October 2015 throughout August 2016, Plaintiff was harassed and discriminated against on account of his age, although he does not specify how. Doc. 1, p. 3. He reported the alleged discriminatory conduct to Illinois State University and filed charges with the IDHR (Charge No. 2017 SA 0592) and the EEOC (Charge No. 21 BA62237). *Id.* Plaintiff states he was then retaliated against for his complaints and opposition, although, again, he does not provide further detail. *Id.* On or around March 29, 2018, Plaintiff received an EEOC Right to Sue letter for these allegations taking place from October 2015 through August 2016. Doc. 5, p. 2. The Right to Sue letter stated that Plaintiff had until around June 29, 2018 to file suit in federal court. *Id.* There is no indication that Plaintiff proceeded with a lawsuit related to these charges.

On May 2, 2017, Plaintiff received verbal discipline from James Ganieany, the Illinois State University Superintendent. Doc. 1, p. 2. Plaintiff does not offer any context as to what the discipline was for or how it occurred. He believes this alleged discipline was in retaliation for his IDHR and EEOC charges with regard to harassment and age discrimination, as Defendant had full knowledge that Plaintiff had reported the alleged violations. *Id*., at 4. On May 8, 2017, Plaintiff spoke to Steve Lancaster, the Illinois State University Assistant Director of Facilities Management. Plaintiff allegedly asked, "if this harassment and discipline is necessary," to which Lancaster replied, "Yes, so long as something is pending." Doc. 5, p. 2.

2. **Events related to Count II**

Throughout May 2017 and until October 2017, Plaintiff was routinely assigned less desirable, more physically demanding and increasingly dangerous work, which he alleges effectively forced him to retire early. He does not describe the work or how it differed from his

3

past responsibilities. Plaintiff submitted retirement paperwork in September 2017, although he continued to work pending its processing. On October 16, 2017, Plaintiff was given a high priority work order dated October 13, 2017, which required him to clean up feces in an unsafe and unsanitary condition. Plaintiff does not go into further detail about how or why the work he performed was unsafe or unsanitary. He claims this job entailed extremely physical manual labor which caused him injury, and that he was assigned this work order because someone else refused to do it. Plaintiff neglects to explain how he was injured. The plumbing foreman allegedly assigned the work order to Plaintiff with full knowledge of his pending EEOC charge. Plaintiff believes this was in retaliation for engaging in statutorily protected activity and filing formal charges. Doc. 5, p. 2.

On November 6, 2017, Plaintiff again filed a complaint with the IDHR (Charge No. 2018 SF 1469) which was cross-filed with the EEOC (Charge No. 21 BA 80641) for the conduct occurring from May 2017 through October 2017. Doc. 6, p. 5. Plaintiff received a Right to Sue letter dated March 20, 2019, indicating that the investigation was completed on September 12, 2018. *Id.* at 2.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action.

*See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants seeking dismissal for failure to state a claim must meet a high threshold, since courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc*., 799 F.3d 633, 639 (7th Cir. 2015); *Anchor Bank, FSB v. Hofer*, 549 F.3d 610, 614 (7th Cir. 2011). Importantly, a motion to dismiss in an employment discrimination case should be denied when the employee exhausts all administrative remedies, the complaint does not exceed the scope of the EEOC charges, and the retaliation claim properly states a claim for relief. *See Martinez v. Universal Laminating, Ltd.*, 2002 U.S. Dist. LEXIS 2228 (N.D. Ill. 2002).

## DISCUSSION

Defendant has moved to dismiss Plaintiff's Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) for two reasons. First, Defendant asserts that both counts "fail to adequately allege how Plaintiff has exhausted his administrative remedies with the EEOC and IDHR, a requirement before proceeding with a civil lawsuit." Doc. 4, p. 2. Second, Defendant asserts that both counts "fail to state a claim for retaliation against Defendant." *Id.* The Court will examine each argument in turn.

1. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Initially, Defendant relies heavily on his assertion that Plaintiff does not allege how he exhausted his administrative remedies, but merely makes a conclusory statement that he did so. This argument is unpersuasive; where a plaintiff has filed simultaneously with the EEOC and the IDHR, the filing with the EEOC constitutes the exhaustion of state remedies. *Kaimowitz v. Board of Trustees of the University of Illinois*, 951 F.2d 765 (7th Cir. 1991). Here, Plaintiff has provided an EEOC charge number and an IDHR charge number per each Count of his complaint,

ultimately satisfying his burden of exhausting his administrative remedies in both Count I and Count II. Moreover, ADEA cases may be filed without a Right to Sue letter, provided the complaint is filed at least 60 days after filing charges with the EEOC. *See* 29 U.S.C. § 626(d). It should be noted that, at the time of Defendant's Motion, Plaintiff had not provided a copy of his charges; he supplemented his Complaint on April 8, 2019.

   a. **Exhaustion of Administrative Remedies—Count I**

First, Defendant argues that since the June 29, 2018 deadline to file suit with regard to Count I has passed, Plaintiff is time-barred from pursuing any allegations of age discrimination occurring from October 2015 through August 2016. While Plaintiff would be time-barred from pursuing harassment claims on these underlying allegations, he is not barred from pursuing retaliation claims based on his report of those allegations. Plaintiff states that the October 2015 through August 2016 allegations are included simply to show that Defendant's later conduct was in retaliation for the original charges filed. An employee is not barred from using prior, time-barred acts "as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Moreover, he need not file separate EEOC charges for each instance of alleged retaliation. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013).

Accordingly, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint based on lack of administrative exhaustion is DENIED.

   b. **Exhaustion of Administrative Remedies—Count II**

With regard to Count II, Defendant contends that a plaintiff may "only bring claims under the ADEA and IHRA that he has included in the original charge filed with the EEOC and the IDHR." Doc. 5, p. 5. However, since Title VII created the EEOC, the Court will follow the

Seventh Circuit's holding that Title VII does not require a plaintiff to allege every fact that cumulatively forms the basis for each claim in an EEOC charge. *Taylor v. Western & Southern Life Insurance Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). The claims set forth in a complaint are therefore cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (quoting *Jenkins v. Blue Cross Mutual Hospital Insurance Inc.*, 583 F.2d 164, 167 (7th Cir. 1976)).

In the same vein, Defendant asserts that a Right to Sue letter is "a requirement in proceeding with a retaliation claim in federal court." Doc. 5, p. 6. However, in order to "avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation," the Seventh Circuit has held that a plaintiff alleging retaliation for having filed a charge with the EEOC "need not file a second EEOC charge to sue for that retaliation." *Luevano*, 722 F.3d at 1030 (citing *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 482–83 (7th Cir. 1996)). In any case, Plaintiff correctly notes that ADEA cases may be filed without a Right to Sue letter, provided the complaint is filed at least 60 days after filing charges with the EEOC. *See* 29 U.S.C. § 626(d).

Accordingly, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint based on lack of administrative exhaustion is DENIED.

2. **FAILURE TO STATE A CLAIM**

When assessing employment discrimination under the Illinois Human Rights Act, "Illinois courts have adopted the same analytical framework set forth by the United States Supreme Court decisions addressing the Age Discrimination in Employment Act." *Zaderaka v. Illinois Human Rights Commission*, 131 Ill. 2d 172, 178 (1989). Thus, to state a claim of

retaliation under either the ADEA or the IHRA, Plaintiff must allege: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two. *See University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013); *Burks v. Wisconsin Dept. of Transportation*, 646 F.3d 744, 758 (7th Cir. 2006). Mere "vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss," however. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Here, Plaintiff satisfies his burden and sufficiently states a claim for retaliation in Count II, but fails to do so in Count I.

### a. Failure to State a Claim—Count I

First, with regard to Count I, Plaintiff successfully fulfills the first prong of a retaliation claim—that he engaged in a statutorily protected activity—by initially reporting the alleged violations of age discrimination and harassment to Illinois State University. Doc. 1, p. 3. Plaintiff also filed charges with the appropriate state and federal administrative agencies (EEOC Charge No. 21 BA62237; IDHR Charge No. 2017 SA 0592), for which he received a Right to Sue letter. Filing charges with the EEOC "is the most obvious form of statutorily protected activity." *Silverman v. Board of Education*, 637 F.3d 729, 740 (7th Cir. 2011) (citing 42 U.S.C. § 2000e-3(a); *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 677 (7th Cir. 2010)).

Second, Plaintiff attempts, but ultimately fails, to satisfy the second prong of a retaliation claim—that he suffered an adverse employment action—by noting that he was subject to verbal discipline from Ganieany on May 2, 2017 in retaliation for filing discrimination charges. Doc. 1, p. 3. Defendant correctly argues that this allegation does not "rise to the level of an adverse employment action, even when accepted by the Court and even if the Court draws all reasonable inferences from Plaintiff's allegations in favor of the plaintiff." Doc. 5, p. 9. While a complaint

does not fail to state a claim simply because it does not provide a complete and convincing picture of the alleged wrongdoing, Plaintiff has not alleged an adverse employment action in Count I. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988). The Seventh Circuit has held that "not every criticism or disciplinary measure" constitutes a materially adverse employment action, especially not when such discipline is isolated. *See Pantoja v. American NTN Bearing Manufacturing Corporation*, 495 F.3d 840, 847 (7th Cir. 2007); *Hobgood v. Illinois Gaming Board*, 731 F.3d 635, 644 (7th Cir. 2013); *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017). Plaintiff asserts that he received verbal discipline from Ganieany in retaliation for Plaintiff's EEOC charge, but this allegation of discipline does not show "some quantitative or qualitative change in the terms or conditions of his employment or some sort of real harm." *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1116 (7th Cir. 2009). Accordingly, Plaintiff has failed to establish an adverse employment action with regard to Count I.

Because Plaintiff has not established a prima facie case for retaliation in Count I, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint based on failure to state a claim is GRANTED. Plaintiff is granted leave to file an amended complaint within 30 days of this order if amendment would cure his failure to allege an adverse employment action.

**b. Failure to State a Claim—Count II**

With regard to Count II, Plaintiff fulfills the first prong of a retaliation claim—that he engaged in a statutorily protected activity—by providing the charges filed with the IDHR and EEOC concerning discrimination from May 2017 through October 2017. Again, filing charges with the EEOC clearly constitutes a statutorily protected activity. *Greengrass v. International Monetary Systems, Ltd.*, 776 F.3d 481, 485 (7th Cir. 2015). Plaintiff provides the charge numbers in his response (IDHR Charge No. 2018 SF 1469; EEOC Charge No. 21 BA 80641) and includes

a copy of EEOC Charge No. 21 BA 80641 in his Complaint. Plaintiff also received a notice of Right to Sue on September 12, 2018 and March 20, 2019.

Next, Plaintiff fulfils the second prong of a retaliation claim—that he suffered an adverse employment action—by asserting that he was assigned less desirable, more physically demanding, and increasingly dangerous work from May 2017 through October 2017. While Plaintiff does not go into much detail, he has pleaded sufficient facts to plausibly suggest a right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff alleges this change in his work duties forced him to retire early, alluding to constructive discharge. He additionally points to the incident on October 16, 2017, in which he was made to clean up feces in an unsafe, unsanitary, and physical manner that caused him injury. Plaintiff does not provide additional detail as to his injury or how it occurred. Defendant argues that, because Plaintiff is a plumber, "it is not unexpected or unreasonable for Defendant to have assigned Plaintiff work cleaning up feces." Doc. 5, p. 10. Regardless, Plaintiff's allegation of worsened working conditions is sufficient to constitute an adverse employment action able to survive a motion to dismiss, however sparse. The Seventh Circuit has recognized an adverse employment action when "the employee is not moved to a different job or the skill requirements of her present job altered," yet "the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment." *Dass v. Chicago Board of Education*, 675 F.3d 1060, 1069 (7th Cir. 2012).

Finally, Plaintiff establishes the final prong of a retaliation claim—a causal nexus—by alleging that the plumbing foreman assigned Plaintiff to clean up feces on October 16, 2017 in retaliation for filing charges with the EEOC. "When an adverse employment action follows close

on the heels of protected expression, and the plaintiff can show that the person who decided to impose the adverse action knew of the protected conduct, the causation element of the prima facie case is typically satisfied." *Lalvani v. Cook County, Illinois*, 269 F.3d 785, 790 (7th Cir. 2001). Allegedly, the plumbing foreman was fully aware of the pending charges when he ordered Plaintiff to clean up feces.

Accordingly, because Plaintiff successfully established a prima facie case for retaliation in Count II, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint based on failure to state a claim is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 4) is GRANTED with respect to Count I and DENIED with respect to Count II. Plaintiff is granted leave to file an amended complaint within 30 days of this order if he has a good faith basis for doing so.

Signed on this 24th day of July, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge